Mark F. James (5295)
Mitchell A. Stephens (11775)
Justin L. James (15167)
Hatch, James & Dodge, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah  84101
Telephone:  (801) 363-6363
Email:  mjames@hjdlaw.com
            mstephens@hjdlaw.com
            jjames@hjdlaw.com

*Attorneys for Salvo Guns LLC*

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SALVO GUNS LLC, a Utah limited liability company,<br><br>             Plaintiff,<br>v.<br><br>SILENCERCO, LLC, a Utah limited liability company,<br><br>             Defendant. | **COMPLAINT**<br><br>Civil No. 1:15-cv-00112<br><br>Magistrate Judge Brooke C. Wells |

Plaintiff Salvo Guns, LLC ("Plaintiff" or "Salvo") through its legal counsel Hatch, James & Dodge alleges as follows:

1. This is an action that asserts claims that arise from Defendant SilencerCo, LLC's ("SilencerCo" or "Defendant") unauthorized use of Salvo's name and trademark – Salvo Guns – to the harm and detriment of Salvo.

1

### Parties

2. Plaintiff is a Utah limited liability company with its principal place of business located in Weber County, Utah. For several years, Salvo owned a store and internet site that sold guns, ammunition, and other hunting and sport shooting accessories.

3. Defendant is a Utah limited liability company with its principal place of business located in West Valley, Utah. Defendant manufactures and/or causes to be manufactured, and sales, among other things, silencers/noise suppression devices for guns.

### Jurisdiction and Venue

7. This court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121, 28 U.S.C. §1331, and 28 U.S.C. §1328(a) and/or (b). Personal Jurisdiction in this district is proper inasmuch as Defendant is headquartered and does business in Utah, and the acts complained have occurred, among other locations, in Utah.

8. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### General Allegations

9. Salvo is the owner of the service mark "Salvo Guns," which has been registered with the United States Patent and Trademark Office ("USPTO"), Registration Number 4,338,181. A true and correct copy of Salvo's registration of its Service Mark is attached hereto as Exhibit "A" and incorporated herein by reference.

10. As a result of its use of the name "Salvo" and "Salvo Guns," plaintiff also has established common law ownership of and rights in the names and marks "Salvo" and "Salvo Guns."

11.     In or about 2014, Salvo sold its physical store in Utah to a third-party and agreed to a noncompetition agreement that prohibited Salvo from performing certain competing activities in the State of Utah for a noncompete period of 3 years.  Salvo expressly retained its name and service mark, however, and has continued to provide consulting services relating to guns, ammunitions, shooting ranges, and with respect to other matters relating to the shooting industry.  Moreover, other than for a short period of time when, unbeknownst to Salvo, its registration with the state of Utah was delinquent, Salvo has maintained the active status of its registration with the state of Utah.  Salvo also has maintained its website, which utilizes the Salvo mark, in accordance with the terms of its noncompete agreement.

12.     Salvo recently discovered that that Defendant is manufacturing, causing to be manufactured, and/or selling and distributing or causing to be distributed a silencer made for shotguns using the name "Salvo."  Attached hereto as Exhibit "B' is an advertisement from Defendant's internet site promoting the "Salvo 12" shotgun suppressor.

## First Cause of Action
## (Lanham Act – 15 U.S.C. §§ 1114-19)

18.     Salvo realleges and incorporates by reference herein the foregoing allegations of the Complaint.

19.     Defendant's use in commerce of  the Salvo name in connection with the sale, offering for sale, distribution and advertising constitutes infringement of Plaintiff's mark in violation of the Lanham Act, 15 U.S.C. §§ 1114-1119).

20.     As a direct and proximate result of defendant's actions, Salvo has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and the strength of its mark.

21.     The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

22.     Salvo is entitled to injunctive relief against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorneys' fees.

**Second Cause of Action**
**(Lanham Act – 15 U.S.C. § 1125)**

23.     Salvo realleges and incorporates by reference herein the foregoing allegations of the Complaint.

24.     Defendant's wrongful use of the Salvo mark and misappropriation thereof is likely to cause confusion as to sponsorship or authorization by Salvo, or alternatively, destroy the origin-identifying function of the Salvo Mark.  Defendant's actions are in violation of the Lanham Act, 15 U.S.C. § 1125(a).

25.     As a direct and proximate result of defendant's actions, Salvo has suffered and will continue to suffer damage to its business, goodwill, reputation, profits and the strength of its mark.  The injury to Salvo is and continues to be ongoing and irreparable.  An award of monetary damages alone cannot fully compensate Salvo for its injuries and Salvo lacks an adequate remedy at law.

26.     Salvo is entitled to a preliminary and permanent injunction against Defendant, as well as all other remedies available under the Lanham Act, including, but not limited to, actual damages, costs, attorneys fees, Defendant's profits derived from its infringing activities, said amounts to be trebled by virtue of Defendant's knowing and willful behavior.

### Third Cause of Action
### (Common Law Trademark Infringement)

27. Salvo realleges and incorporates by reference herein the foregoing allegations of the Complaint.

28. Defendant's use of Salvo's mark as described above constitutes infringement of Salvo's common law rights in the Salvo mark.

29. Defendant has been unjustly and improperly enriched through its wrongful use of Salvo's mark. Salvo has been damaged in its business and will continue to be so damaged and is without an adequate remedy at law unless Defendant is enjoined by the Court. Further, Salvo should be awarded punitive damages by reason of Defendant's willful, intentional, and unauthorized use of Salvo's mark as described herein.

### Fourth Cause of Action
### (Unfair Competition Act – Utah Code Ann. § 13-5a-101 *et seq.*)

30. Salvo realleges and incorporates by reference herein the foregoing allegations of the Complaint.

31. The actions of Defendant as described above constitute intentional business acts and practices that are unlawful, unfair, and misleading, and have led to a material diminution in value of Salvo's intellectual property.

32. Pursuant to Utah Code Ann. § 13-5a-102, Salvo is entitled to actual damages caused by Defendant's unfair competition, as well as costs, attorneys' fees and punitive damages.

### Fifth Cause of Action
### (Unfair Competition – Utah Common Law)

33. Salvo realleges and incorporates by reference herein the foregoing allegations of the Complaint.

34. By its actions, as described above, Defendant has unfairly competed with and continue to unfairly compete with Salvo.

35. Defendant has engaged in these activities knowingly, willfully, and, on information and belief, with actual malice and in bad faith, so as to justify the assessment of increased, exemplary and punitive damages against them in an amount to be determined at trial.

36. Defendant's conduct has caused Salvo to sustain irreparable harm and other damages in an amount to be established at trial.

37. Defendant's actions have caused, and unless enjoined by this Court will continue to cause, irreparable damage, loss, and injury to Salvo for which Salvo has no adequate remedy at law and which justify entry of a preliminary and permanent injunction.

## Sixth Cause of Action
### (Interference with Economic Relations)

38. Salvo realleges and incorporates by reference herein the foregoing allegations of the Complaint.

39. Through the improper means of intentionally infringing Salvo's trademark, Defendant has interfered with Salvo's prospective and actual economic relations, including by confusing Salvo's actual and potential customers and by diverting sales away from Salvo.

40. The foregoing conduct of Defendant is the result of willful and malicious or intentionally deceptive conduct, or conduct that manifests a knowing and reckless indifference toward, and disregard of, the rights of Salvo.

41. As a direct and proximate result of the intentional and improper acts and conduct of Defendant, Salvo has suffered actual and consequential damages and other losses in an amount to be determined at trial.

## Seventh Cause of Action
## (Unjust Enrichment)

42. Salvo realleges and incorporates by reference herein the foregoing allegations of the Complaint.

43. Defendant has benefited from their improper, unfair, and unauthorized use of Salvo's intellectual property.

44. Defendant would be unjustly enriched if permitted to retain the profits and other gains they have received from such actions.

45. Equity and good conscience dictate that Defendant be required to account for and turn over to Salvo, or to be deemed to hold in constructive trust for the benefit of Salvo, all profits and gains derived and to be derived from the sale by Defendant of any suppressor using the Salvo name, in an amount to be proven at trial.

## Relief Requested

WHEREFORE, Salvo prays for judgment against Defendants, jointly and severally, as follows:

1. for an injunction against defendant, as well as against its officers, agents, servants, and employees, as well as those persons in active concert or participation with any of them, including their customers and distributors who receive actual notice of the Order by personal service or otherwise, be preliminarily and permanently enjoined from:

    (a) Using the Salvo name or mark or any variation thereof in connection with the manufacture, import, promotion, marketing, advertising, distribution, public relations and/or sale of any type of gun or ammunition related equipment, including with respect to gun suppressors;

   (b) Using the Salvo name or mark as any part of a thematic marketing concept in connection with the manufacture, import, promotion, marketing, advertising, distribution, public relations and/or sale of any type of gun or ammunition related equipment, including with respect to gun suppressors;

   (c) Diluting, blurring, passing off or falsely designating the origin of the Salvo mark and thereby injuring Salvo's goodwill and reputation;

   (d) Doing any other act or thing likely to induce the belief that Defendant's business, services, or products are in any way connected with, sponsored, affiliated, licensed, or endorsed by Salvo; and

   (e) Requiring Defendant immediately to destroy any and all Salvo suppressors and promotional or sales materials that refer to Salvo.

  2. that defendants, in accordance with 15 U.S.C. § 1116(a), be directed to file with this Court and serve upon counsel for Salvo within thirty days after service of the permanent injunction a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied with the permanent injunction;

  3. that Salvo be awarded its actual damages sustained as a result of Defendant's wrongful actions;

  4. that Salvo recover Defendant's profits made as a result of Defendant's wrongful actions;

  5. that Salvo recover three times Defendant's profits made as a result of Defendant's wrongful actions or three times Salvo's damages, whichever is greater;

      6.      that this case be deemed an exceptional case under 15 U.S.C. §§1117(a) and (b), 35 U.S.C. § 285 and that Defendant be deemed liable for and ordered to reimburse Salvo for its reasonable attorneys' fees;

      7.      that Salvo be awarded exemplary damages in its favor and against Defendant as a result of Defendant's willful and intentional acts;

      8.      that Salvo recover its costs; and

      9.      that Salvo receive such other and further relief to which it may be entitled.

Dated this 31st day of August, 2015.

                            HATCH, JAMES & DODGE

                By:   *Mark F. James*
                        Mark F. James
                        Mitchell A. Stephens
                        *Attorneys for Salvo Guns, LLC*